IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

**JOEL KIM,**
    **Plaintiff,**

v.

**NATIONAL BOARD OF MEDICAL EXAMINERS,**
    **Defendant.**

**Civil Action No. _____**
**VERIFIED COMPLAINT**

**PRELIMINARY STATEMENT**

1. Plaintiff Joel Kim brings this action under Title III of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12182 et seq., to obtain injunctive and declaratory relief against Defendant National Board of Medical Examiners ("NBME") for interfering with and failing to timely remedy the interference of ADA-protected testing accommodations during Plaintiff's Step 2 CK examination.

2. Plaintiff seeks a narrowly tailored, non-prejudicial remedy: the immediate provisional release of his Step 2 CK score, contingent upon a passing outcome. If the outcome falls below the passing threshold, Plaintiff requests an expedited, penalty-free retest under fully ADA-compliant conditions. Plaintiff faces imminent and irreparable harm, including the loss of medical degree conferral scheduled for the morning of May 8, 2025, disruption of licensure, and the jeopardizing of a matched residency position set to begin on July 1, 2025. This Verified Complaint is supported by contemporaneous documentation, expert attestations, communications with institutional officials, and pre-litigation communications with NBME submitted herewith as supporting exhibits.

**JURISDICTION AND VENUE**

3. This Court has jurisdiction pursuant to 28 U.S.C. § 1331 (federal question jurisdiction) and 42 U.S.C. § 12188(a) (enforcement of Title III of the Americans with Disabilities Act).

4. Venue is proper in this District under 28 U.S.C. § 1391(b), as a substantial part of the events or omissions giving rise to the claims occurred within this District, including Plaintiff's examination at a Prometric testing center located in Purchase, New York.

**PARTIES**

5. Plaintiff Joel Kim is a medical student approved for accommodations under the Americans with Disabilities Act (ADA) based on diagnoses of Tourette's Syndrome and Obsessive-Compulsive Disorder (OCD). He resides in New York and attends the Icahn School of Medicine at Mount Sinai.

6. Defendant National Board of Medical Examiners (NBME) is a non-profit corporation headquartered in Pennsylvania. NBME administers the United States Medical Licensing Examination (USMLE), including Step 2 Clinical Knowledge (CK), and is subject to Title III of the ADA as a private entity offering licensing examinations to the public.

**FACTUAL ALLEGATIONS**

7. Plaintiff was approved for ADA accommodations for his Step 2 CK examination and sat for the exam at a Prometric testing center located at 2975 Westchester Ave, Suite 112, Purchase, NY, on April 4 and April 7, 2025.

8. During the April 4 session, Plaintiff experienced multiple incidents of proctor misconduct that disrupted the ADA-protected testing environment:

a. Proctors made audible, stigmatizing remarks implying Plaintiff was causing a "commotion" due to his motor tics.

b. A proctor confronted Plaintiff during his approved break, referenced surveillance footage, and stated: "You need to chill. You need to take it easy. And don't break the computer."

c. Plaintiff was compelled to disclose his neurological disability in an effort to de-escalate the confrontation—an act he should not have been forced to undertake in order to defend himself or retain access to his accommodations.

d. Despite this disclosure, proctors continued to make dismissive remarks within earshot while Plaintiff was actively testing, including: "I understand he's having issues, but he doesn't need to make it bigger than it has to be." In an effort to shield himself from further harmful remarks and prevent further emotional destabilization, Plaintiff placed his noise-canceling headphones over his ears—an act of self-preservation intended to safeguard what remained of his psychological focus and testing conditions.

These remarks were perceived by Plaintiff as threatening, stigmatizing, and demeaning—particularly in light of his disclosed neurological condition—and served to exacerbate emotional distress, rather than to restore the protected, non-discriminatory testing environment guaranteed under the ADA.

9. These interactions caused Plaintiff to suppress his tics, engage in heightened self-monitoring, and experience acute emotional distress—diverting significant cognitive resources away from the exam itself. This materially interfered with his

ability to perform and violated the purpose of his approved accommodations. These effects also undermined the psychometric validity of the assessment and defeated the core function of ADA accommodations: to ensure that the exam measures aptitude, not the functional manifestations of a disability or the examinee's ability to manage stigma, surveillance, or anxiety unrelated to medical knowledge.

10. Plaintiff reported the incident to institutional leadership immediately. Dr. Lauren Linkowski of Mount Sinai acknowledged the proctor's conduct as inappropriate and affirmatively encouraged formal reporting.

11. Plaintiff submitted a formal ADA complaint to NBME on April 14, 2025.

12. As of May 5, NBME has neither resolved the matter nor released Plaintiff's score, despite its own 15-business-day review window having elapsed on May 2, and multiple attempts by the Plaintiff to seek resolution privately.

13. Plaintiff's graduation is scheduled for May 8, 2025. Without timely resolution, he risks being rendered ineligible for medical degree conferral and licensure, which would result in the loss of his secured residency placement—specifically, a matched preliminary year in surgery at the Icahn School of Medicine at Mount Sinai and a categorical diagnostic radiology residency at the University of Washington.

14. Plaintiff also submitted a civil rights complaint to the U.S. Department of Justice Civil Rights Division, which remains under review.

CAUSES OF ACTION

**Count I: Violation of Title III of the Americans with Disabilities Act (42 U.S.C. § 12182 et seq.)**

15. Plaintiff incorporates by reference paragraphs 1 through 14 as if fully set forth herein.

16. Defendant NBME is a private entity that offers examinations related to professional licensing and is subject to Title III of the Americans with Disabilities Act (ADA), 42 U.S.C. § 12182 et seq.

17. Under the ADA and related DOJ regulations, including 28 C.F.R. § 36.309(b)(1)(i), NBME has a legal obligation to ensure that its examinations are administered so as to best ensure that the results accurately reflect an individual's aptitude or achievement level, and not the functional limitations resulting from a disability.

18. NBME failed to fulfill this obligation by permitting a testing environment that was hostile, stigmatizing, surveillance-driven, and characterized by ableist and bullying conduct from proctors—materially disrupting the ADA-protected conditions necessary for valid assessment.

19. NBME also failed to provide timely and effective remedial action in response to a known, contemporaneously reported disruption, thereby compounding the harm and violating its obligations under the ADA.

20. As a direct and proximate result of Defendant's conduct, Plaintiff has suffered and continues to suffer irreparable harm, including the potential loss of medical degree conferral, licensure, and a secured residency position.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that this Court:

A. Declare that Defendant violated Title III of the ADA;

B. Order Defendant to immediately release Plaintiff's Step 2 CK score, contingent on a passing outcome;

C. Order an expedited, penalty-free retest under fully ADA-compliant conditions, should the outcome fall below the passing threshold;

D. Grant preliminary and permanent injunctive relief enjoining Defendant from further violations of the ADA;

E. Award such other and further relief as the Court deems just and proper.

Respectfully submitted,
/s/ Joel Kim
Joel Kim
50 E 98th St.
New York, NY 10029
516-551-0015
joel.kim@icahn.mssm.edu
Pro Se Plaintiff

Dated: May 5, 2025

**VERIFICATION**
I, Joel Kim, declare under penalty of perjury pursuant to 28 U.S.C. § 1746 that the foregoing is true and correct to the best of my knowledge.

Executed on May 5, 2025.

/s/ Joel Kim
Joel Kim